| LODGED<br>CLERK, U.S. DISTRICT COURT<br><br>SEP 1 4 2006<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY                DEPUTY | SEP 29 2006<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY                DEPUTY | ENTERED<br>CLERK, U.S. DISTRICT COURT<br><br>OCT - 6 2006<br><br>CENTRAL DISTRICT OF CALIFORNIA<br>BY                DEPUTY |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| INMATE # REG#06212041 | CASE NUMBER |
|---|---|
| Samuel Haywood Myles                     PLAINTIFF(S)<br>v.<br>B. Henson, et al;<br>                                              DEFENDANT(S). | CV-06-5836     (PLA)<br><br>**ORDER RE LEAVE TO FILE ACTION WITHOUT PREPAYMENT OF FULL FILING FEE** |

**IT IS ORDERED** that the complaint **be filed** without prepayment of the full filing fee.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 1915, the prisoner-plaintiff owes the Court the total filing fee of $350.00. An initial partial filing fee of $ _____ must be paid withing thirty (30) days of the date this order is filed. Failure to remit the initial partial filing fee may result in dismissal of your case. Thereafter, monthly payments shall be forwarded to the Court in accordance with 28 U.S.C. § 1915.

**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).**

_____        _____
Date                                                United States Magistrate Judge

---

**IT IS RECOMMENDED** that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee be **DENIED** for the following reason(s):

- ☒ Inadequate showing of indigency
- ☒ Failure to authorize disbursements from prison trust account to pay filing fee
- ☐ Failure to provide certified copy of trust fund statement for the last six (6) months.
- ☐ District Court lacks jurisdiction
- ☐ Immunity as to _____
- ☒ Legally and/or factually patently frivolous

☒ Other: Page 2 of Application to Proceed Without Prepayment of Fees
Comments: not included; see attached

DOCKETED ON CM
OCT - 6 2006
BY _____ 001

9/18/06                                              /s/ [signature]
Date                                              United States Magistrate Judge

IT IS ORDERED that the request of prisoner-plaintiff to file the action without prepayment of the full filing fee is:
☐ GRANTED        ☒ DENIED (See comments above).

9/22/06                                              /s/ [signature]
Date                                              United States District Judge

2

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SAMUEL HAYWOOD MYLES, | No. CV 06-5386 |
| Plaintiff, | **ATTACHMENT TO ORDER DENYING PLAINTIFF'S APPLICATION TO FILE ACTION WITHOUT PRE-PAYMENT OF FILING FEE** |
| v. | |
| B. HENSON, et al., | |
| Defendants. | |

As plaintiff was previously advised, his claims, if any, appear to arise under <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), rather than 42 U.S.C. § 1983. His allegations still do not appear to state a claim upon which relief may be granted against any defendant. To the extent that plaintiff is alleging that he was deprived of property without due process, such a claim fails because the mere loss of personal property from a hobby shop does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. <u>See</u> <u>Sandin v. Connor</u>, 515 U.S. 472, 483-84, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Moreover, plaintiff may not state a due process claim for the random and unauthorized act of a federal employee if an adequate postdeprivation remedy exists. <u>See</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (holding that due process was not violated when government official intentionally deprived individual of

property, provided meaningful postdeprivation remedy was available). Such a remedy exists in the Prison Administrative Remedy Program. See 28 C.F.R. §§ 542.10-542.17.

2